Arnold P. Etelson, J.
Defendant has been charged with a violation of article IV" (§ 9-51, subds. [a], [d]) of the Code of Ordinances of the Village of Spring Valley. Article IV is entitled “ Occupancy, Space, Light and Ventilation Requirements”; section 9-51 is entitled “Prohibited uses”. Subdivision (a) states: “ It shall be prohibited to use for sleeping purposes any kitchen, nonhabitable space or public space ’ ’. Subdivision (d) states: “It shall be prohibited to use any cellar space as habitable space ”.
The information reads as follows: “That one Arthur Brickell, on the 18th day of August, 1971, at 10 Elias Street in the "Village of Spring Valley, County of Rockland, N. Y., at or about 4 o’clock in the afternoon of said day, did commit the violation, infraction of The Code of Ordinances in violation of Article IV, section 9-51 (a) (d), Subdivision of the Village of Spring Valley, New York, by wrongfully, unlawfully, wilfully, knowingly, intentionally and recklessly caused and permitted a family to use a boiler room for sleeping purposes. Arthur Brickell is a representative of the Rockland County Department of Social Services. These premises being 5Ó percent below grade level is a cellar and is nonhabitable space. This family consists of 2 adults and four children.”
Defendant by his attorney, prior to a plea, moved to dismiss the information for insufficiency, alleging that there are not set forth evidentiary facts constituting a violation of law and that the defendant is not in the class of persons who can be held responsible under this local housing code. Additionally, defendant alleges that the information is defective for failure to set forth the title of the action as the plaintiff as the People of the State of New York against the named defendant, pursuant to section 1.20 (subd. 1) of the Criminal Procedure Law. The People oppose the motion contending that the housing code does not limit the class of persons capable of violating the code, that a person can be charged with criminal liability for the conduct of another and that the information is sufficient in stating that the defendant inten *850 tionally caused and permitted a family to use a boiler room for sleeping purposes, etc.
The People in essence are charging the defendant as an aider or abettor under section 20.00 of the present Penal Law, criminal liability for the conduct of another, without formally alleging a violation of the Penal Law in the information. Defendant maintains that he, being neither a landlord, owner, agent, tenant nor other person responsible for or in charge of the premises, is not one who is in a position to remedy or rectify a housing defect, and, therefore, cannot be so charged under the code.
The People answer this contention by citing section 20.05 (subd. 3) of the Penal Law. Subdivision 3 states that it is no defense that ‘ ‘ The offense in question, as defined, can be committed only by a particular class or classes of persons, and the defendant, not belonging to such class or classes, is for that reason legally incapable of committing the offense in an individual capacity.” This section appears to be clearly in point and the motion to dismiss must be denied on that ground. Subdivision 2 is also in point since the record indicates that the landlord has also been charged with a violation of the same section of the local village code which charge was later withdrawn (with conditions) by the People. The failure of the People to continue their prosecution and convict the landlord is no defense to defendant’s charge of criminal liability for the conduct of another, even though that other person would appear to be the landlord.
It is fundamental that an information must contain facts of an evidentiary nature supporting or tending to support the subject charge. This is clearly reiterated in section 100.15 of the Criminal Procedure Law, effective September 1, 1971. The first facet of defendant’s motion addresses itself to this point. The defendant must be apprised in the information as to what conduct or acts it is claimed caused him to violate the law. Although the information describes the premises as a cellar and otherwise nonhabitable space, and .states the defendant’s position as a representative of the Rockland County Department of Social .Services, it does not describe how he “ caused and permitted a family .to use a boiler room for sleeping purposes ”. The causing and permitting attempts to charge him with soliciting, requesting, commanding, importuning or intentionally aiding another with the mental culpability required to commit the act. (Penal Law, § 20.00.) However, this is *851 clearly conclusory in form unsupported by facts. The information must be dismissed for the grounds of insufficiency.
The information should also recite the title of the action as the People of the State of New York against Arthur Briekel. Additionally, the accusatory part of the information should be more explicit as to the name of the violation for which the defendant is being charged.
The information is dismissed, without prejudice, however, to the filing of a new valid information against the defendant setting forth facts of an evidentiary character sufficient to support the accusation. This decision is an order of this court.